### UNITED STATES DISTRICT COURT
### EASTER DISTRICT OF LOUISIANA

**TONY L. NOTO, JR.**                                             **CIVIL ACTION**

**VERSUS**                                                        **NO:  07-3003**

**DAIMLERCHRYSLER CORPORATION, ET AL.**          **SECTION "T" (1)**

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand.  Rec. Doc. 11.  Defendants filed an

Opposition, Rec. Doc. 22, to which Plaintiff filed a Reply.  Rec. Doc. 29.  A Supplemental

Opposition and a response thereto were also filed.  Rec. Docs. 50, 54.  The matter came for hearing

without oral argument on August 22, 2007, and was taken under submission.  The Court, having

considered the arguments of the parties, the Court record, and applicable jurisprudence is fully

advised in the premises and is ready to rule.

## I.      BACKGROUND

On December 6, 2006, Plaintiff filed a Petition for Damages in the Louisiana 21st Judicial

District Court, Parish of Tangipahoa.   The Petition seeks a "Nationwide Class Petition in

Redhibition and for Injunctive Relief."  *See* State Court record attached to Rec. Doc. 1.  The original

named Defendants were Kentwood Autoplaza, LLC  (hereinafter, Kentwood), Daimler Chrysler

Corporation and/or Daimler Chrysler Motors Corporation (collectively, "Daimler Chrysler entities")

and Chase Auto Finance Group.[1]  *Id.*  Plaintiff purchased a 2006 Dodge Ram 3500 Mega Cab truck

from Kentwood in September 2006.  *Id.*  Plaintiff alleges that the "gooseneck trailer hitch ball"

installed on the truck was defective and caused a trailer being pulled by Plaintiff to smash into the

truck.  *Id.*  The suit claims that Defendants are liable in redhibition for rescission of the sale  and

---

[1]Chase Auto Finance Group has been dismissed.

return of the sale price as well as any additional notes paid in the past or future, expenses for repairs, attorneys' fees, interest and costs. *Id.*

Service of the Complaint and Petition for Damages was made on upon Kentwood on December 12, 2006. Also on December 12, 2006, CT Corporation, as the registered agent for service of process for the Daimler Chrysler entities, received a set of documents from Plaintiff's counsel. However, because only one set of documents were provided but more than one entity was named, CT Corporation returned the documents to Plaintiff's counsel stating that they "were unable to determine which entity process is intended." *See* state court record attached to Rec. Doc. 1. Nevertheless, the Deputy Sheriff for East Baton Rouge stamped the citation naming the Daimler Chrysler entities as served. *See* state court record attached to Rec. Doc. 1 at p. 44.

Plaintiff filed a Motion and Order for Preliminary Default on February 22, 2007. *See* Exhibit "D" attached to Rec. Doc. 22. While that Motion was pending, a second Motion for Preliminary Default was filed and obtained by the duty judge in the same court. *See* Exhibit "E" attached to Rec. Doc. 22. Once the second judge realized that the first Motion was pending, his order granting the preliminary default was stayed. He also ordered all counsel to appear and show cause why the preliminary default should not be vacated and why sanctions should not be imposed. Rec. Doc. 22 at p. 4. At the hearing, the preliminary default was vacated.

The first assigned Judge then held a hearing and denied a preliminary default finding that "there was not adequate evidence of service on the defendants to warrant granting a preliminary default." *See* Exhibit "G" attached to Rec. Doc. 22. A Motion for New Trial was denied and Plaintiff took a Supervisory Writ to the Louisiana First Circuit Court of Appeal.

On September 26, 2007, after the action had been removed to this Court, the Louisiana First

2

Circuit granted Plaintiff's writ application and reversed the trial court thereby ordering the trial court to enter a preliminary default. All other relief in the writ application was denied. *See* Exhibit 1 attached to Rec. Doc. 54. The Chrysler entities filed a Motion for Reconsideration which was granted. The First Circuit vacated its prior order reversing the trial court and reinstated the trial court's ruling denying preliminary default for "insufficient evidence of service on defendants to warrant a preliminary default." *See* Exhibit "A" attached to Rec. Doc. 52.

This action was removed on May 24, 2007, pursuant to the Class Action Fairness Act. 28 USC § 1332 (d). The instant Motion to Remand timely followed. Plaintiff requests remand, in sum, arguing that Defendants' removal of this action was untimely.

## II.    LAW AND ANALYSIS

Congress enacted the Class Action Fairness Act (hereinafter, CAFA) to expand federal jurisdiction over interstate class action lawsuits of national interest. CAFA contains a basic jurisdictional test for removal, which requires the removing defendant to prove minimal diversity and an aggregated amount in controversy of $5,000,000 or more. § 1332(d). CAFA eliminates the standard requirements of unanimous consent among the defendants and the one-year removal deadline. § 1453(b). The district court can decline jurisdiction under three provisions: (1) the home state exception, § 1332(d)(4)(B); (2) the local controversy exception, § 1332(d)(4)(A); and (3) discretionary jurisdiction, § 1332(d)(3). *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.* 485 F.3d 804, 810 (5th 2007). Plaintiff does not argue that CAFA's jurisdictional prerequisites are not satisfied nor that one of the reasons for declining jurisdiction delineated in 28 USC § 1332(d)(3)-(4) apply. Rather, the issue presented is whether removal was timely.

28 U.S.C.A. § 1453 is the removal statute for class actions removed to federal court and

3

provides in pertinent part:

> § 1453. Removal of class actions
>
>> (a) Definitions.--In this section, the terms "class", "class action", "class certification order", and "class member" shall have the meanings given such terms under section 1332(d)(1).
>>
>> (b) In general.--A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

## A.    VALID SERVICE OF PROCESS.

Plaintiff first argues that service of process was valid on the Daimler Chrysler entities on December 12, 2006, evidenced by the Deputy Sheriff's return reflecting service of citation on CT Corporation.  Further, Plaintiff urges that CT Corporation's letter to Plaintiff's counsel providing that service was invalid because sufficient copies were not made for each defendant is contrary to Louisiana law and absurd.  Rec. Doc 11 at pp. 3-4.

Defendants counter that the Louisiana First Circuit's ruling, on rehearing, reinstating the trial court's judgment denying preliminary default for "insufficient evidence of service on defendants to warrant a preliminary default" is the law of case.[2]  Under that doctrine, Defendant urges that Plaintiff cannot re-litigate the service of process issue in this Court.

The law of the case doctrine is a discretionary guide which relates to (a) the binding force of a trial judge's ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand and (c) the rule that an appellate court ordinarily will not reconsider its own

---

[2] It does not appear from the record that any writ application was taken to the Louisiana Supreme Court on the preliminary default/service issue.

rulings of law on a subsequent appeal in the same case.  *Northeast Realty v. Jackson*, 36,276 (La.App.2d Cir.8/14/02), 824 So.2d 1264, *citing  Glenwood Hosp., Inc. v. Louisiana Hospital Service, Inc*., 419 So.2d 1269 (La.App. 1st Cir.1982).  Re-argument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. Only where there is palpable error or where, if the law of the case was applied, manifest injustice would occur, is the doctrine not applied.  *Northeast Realty, supra*; *Glenwood Hosp., Inc., supra*.

The reasons for the law of the case doctrine are to avoid relitigation of the same issue, to promote consistency of result in the same litigation and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue.  *Will Drill Resources, Inc. v. Huggs, Inc*., 36,797 (La.App.2d Cir. 2003), 836 So.2d 1211; *Northeast Realty, supra, citing Day v. Campbell-Grosjean Roofing and Sheet Metal Corporation*, 260 La. 325, 256 So.2d 105 (1971); *Louisiana Land and Exploration Co. v. Verdin*, 95-2579 (La.App. 1st Cir.9/27/96), 681 So.2d 63, *writ denied*, 96-2629 (La.1996), 692 So.2d 1067, *cert. denied*, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997); *Martinez Management, Inc. v. Caston,* 39,500 (La.App. 2 Cir. 2005); 900 So.2d 301, 307.

The law of the case doctrine precludes this Court from reviewing or reconsidering the final decision of the Louisiana First Circuit Court of Appeals reinstating the state trial court's ruling that there was not sufficient evidence of service on the Daimler Chrysler defendants to warrant a preliminary default.  Accordingly, this Court follows the finding of the Louisiana First Circuit and finds that the Daimler Chrysler entities were not properly served with process in accordance with Louisiana law on December 12, 2006.  Thus, any potential time period for removing this case to federal court could not have begun on the date when CT Corporation received a the copy of the

documents forwarded by Plaintiff's counsel relating to service on the Daimler Chrysler entities.

**B.    APPLICABILITY OF FIRST-SERVED DEFENDANT RULE**.

Plaintiff next argues that even if this Court were to find that service was not perfected upon either Chrysler entity (as it did in the previous section) nevertheless, removal is still untimely because Kentwood was unquestionably served with the Class Action petition on December 12, 2006. Under the "first-served" defendant rule, Plaintiff urges that the time for removal began that date and expired thirty (30) days later. When no removal was filed within the thirty (30) day period, Plaintiff argues that all other defendants were forever barred from removing this case to federal court.

Defendants respond that the "first-served" defendant rule is inapplicable in cases brought under CAFA because the class action removal statute specifically eliminates the unanimity of consent rule. Citing cases from the other U.S. District Courts,[3] Defendants argue that because section 1453 abolishes the unanimity rule with respect to removals under the statute, it also of necessity abolishes the "first-served defendant" rule because that rule is a corollary of the unanimity rule. Where the requirement of unanimity is eliminated, Defendants urge so too is the first-served defendant rule. Rec. Doc. 11 at p. 9.

Plaintiff's reply counters that CAFA does not expand or otherwise extend the thirty (30) day period for which a defendant must seek removal of an action to federal court. According to Plaintiff, section 1453 provides that a class action may be removed in accordance with all of the requirements

---

[3] In support, Defendants cite: *Schillinger v. 260 Networks USA, Inc*. 2006 WL 1388876, 6-7 (S.D. Ill. 2006); *Kitson v. Bank of Edwardsville*, 2006 WL 3392752,  2 (S.D. Ill. 2006); *Yescavage v. Wyeth, Inc*., 2005 WL 2088429,  1 (M.D. Fla. Aug. 30, 2005).

of section 1446[4], except that the one year rule does not apply.  Thus, Plaintiff argues that because section 1453 does not expressly abrogate the thirty (30) day rule for removal, that it is applicable and therefore, when the first defendant was served and no removal therein occurred within thirty(30) days, the remaining defendants were not able to remove the case.

The first-served defendant rule is a jurisprudential rule.  It has been adopted and applied by the United States Fifth Circuit Court of Appeals.  *See Brown v. Demco, Inc.,* 792 F. 2d 478 (5th Cir. 1986).  Under the rule, if there are multiple defendants in a case, all must all join the removal petition within thirty (30) days after the first defendant is served.  *Brown*, 792 F.2d at481;  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir.1988).  Judge Rodriguez in the Western District of Texas has recognized that other Circuits have rejected the first-served defendant thirty (30)day removal rule but aptly pointed out that this rule is still good law in the Fifth Circuit.  *See KLN Steel Products Co. Ltd. v. CNA Ins. Companies* 2006 WL 3228534, *2 (W.D.Tex.,2006) *citing, Brown,* 792 F.2d at 481; *Getty Oil,* 841 F.2d at 1262-63.

However, the 5th Circuit has not addressed the issue presented herein, i.e. whether the first-served defendant rule applies in a case removed under CAFA.  The *Schillinger* case, cited by Defendants, found that because the section 1453 eliminates the requirement of unanimity of consent

---

[4]      28 U.S.C.A. § 1446 (b) provides:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

for removal, then the first-served defendant rule is also eliminated.  This is because the first-served defendant rule is a "corollary" of the unanimity rule. *Schillinger,* 2006 WL 1388876 at *6-7.  The *Schillinger* court provided that the rationale for the rule is that when a defendant who has been properly joined and served fails to effect timely removal, that defendant can no longer consent to removal by later-served defendants. "When the first defendant allows the thirty-day period to lapse, he has effectively waived his consent to removal. Therefore, any effort to remove by a subsequently served defendant after that period 'would be futile, because the first-served defendant would be unable to join that petition and the case therefore would be unremovable.'" *Schillinger,* 2006 WL 1388876 at *6-7 *citing, Auchinleck v. Town of LaGrange*, 167 F.Supp.2d 1066, 1068 (E.D.Wis.2001) (quoting Phoenix Container, L.P., 83 F.Supp.2d at 932).   According to the *Schillinger* court, because CAFA eliminates the requirement of unanimity, presumably it eliminates the first-served defendant rule as well.

While the U.S. Fifth Circuit has not addressed this exact issue, it has acknowledged that the CAFA eliminates the standard requirements of unanimous consent among the defendants and the one-year removal deadline, pursuant to § 1453(b).  *See Preston v. Tenet Healthsystem Memorial Medical Center,* Inc. 485 F.3d 804, 810 (5th Cir. 2007).  Further, in the *Brown* case the Fifth Circuit applied the same rationale discussed and relied upon by the *Schillinger* court for imposition of the first-served defendant rule and stated: "[th]e general rule, however, is that '[i]f the first-served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove ... **due to the rule of unanimity among defendants which is required for removal**.'" *Brown*,792 F.2d at 481 -482, *citing* 1A J. Moore, Moore's Federal Practice, ¶ 0.168 [3.5-5], 586-87 (2d ed. 1985)(emphasis added). *See also Getty Oil Corp., a Div. of Texaco, Inc.*, 841

F.2dat 1263 (finding that the first-served defendant rule, promotes unanimity among the defendants without placing undue hardships on subsequently served defendants).

Accordingly, since the rationale behind applying the first-served defendant rule in theFifth Circuit is the same as that of the Illinois District Court, i.e. because of the rule of unanimity of consent, if that rule is taken away, which occurs in section 1453 cases, then the first-served defendant rule would also abrogated.  Therefore, the failure of Kentwood or any other defendant to remove the case within thirty (30) days of the December 12, 2006, order does support a conclusion that the May 2007 removal was untimely and Plaintiff's position on this issue is without merit.

### C.    "OTHER PAPER"UNDER SECTION 1446 (b).

Finally, Plaintiff argues that Daimler Chrysler's receipt of the state court's "Rule to Show Cause" setting the state court action for hearing on March 26, 2007, constitutes a "motion, order or other paper form which it may first be ascertained that the case is one which is or has become removable."  Rec. Doc. 11 at p. 7.  According to Plaintiff, the removal period began and expired thirty (30) days later making the May 2007 removal untimely.

Defendant counters that the law is such that only actual receipt of the complaint through formal service of process is sufficient to start section 1446(b)'s removal period.  Rec. Doc. 22 at p. 10.  Accordingly, Defendant contends that its notice of lawsuit is not sufficient to begin the removal period.

In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 119 S.Ct. 1322 (1999), the United States Supreme Court was clear that the thirty (30) day removal period began to run not when defendant received a faxed, file-stamped copy of complaint, but rather, when defendant was later formally served by certified mail.  In this case the defendants were never formally served under

Louisiana law, *see* Section A *supra,* so the period for removal never began to run.

Plaintiff's reliance on the second paragraph of section 1446 is misplaced. Section 1446 provides: "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained..." The two paragraphs of 28 U.S.C. § 1446(b) detail the documents which trigger the time limits for notices of removal. The first paragraph governs notices of removal based on an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." The second paragraph governs notices of removal based on "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See Bosky v. Kroger Texas*, LP 288 F.3d 208, 209 (5th Cir.2002).

In *Chapman v. Powermatic, Inc*., 969 F.2d 160, 163 (5th Cir.1992), the Fifth Circuit provided:

> [T]he plain language of the second paragraph of § 1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant **must receive the 'other paper' after receiving the initial pleading.** (Emphasis added) The second paragraph of § 1446(b) applies by its terms only 'if the case stated by the initial pleading is not removable ...' 28 U.S.C. § 1446(b). More important, the second paragraph of § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an "other paper" from which the defendant may first ascertain that the case is removable. Logic dictates that a defendant can "first" ascertain whether a case is removable from an "other paper" only after receipt of both the initial pleading and that "other paper"; and therefore the thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the "other paper" revealing that the case is removable. Chapman would have us adopt a rule which would be clearly inconsistent with the plain language of the second paragraph of § 1446(b), which states that "a notice of removal may be filed within thirty days after receipt by the defendant ... [of an] other paper

10

from which it may first be ascertained that the case is one which is or has become removable ...." By its plain terms the statute requires that if an "other paper" is to trigger the thirty-day time period of the second paragraph of § 1446(b), **the defendant must receive the "other paper" only after it receives the initial pleading**. (Emphasis added) Finally, we believe that our holding that the "other paper" must be received after the filing of the initial pleading is supported by the recitation in the second paragraph of § 1446(b) of the words "amended pleading, motion, order" before the words "or other paper," which clearly refer to actions normally and logically occurring after the filing of the initial pleading. Clearly the answer to interrogatory which triggered the filing of the notice of removal in this case is such an "other paper ."

*Id.* at 164-165, & 164 n. 8.

As Defendants were never properly served with the initial pleading, Plaintiff cannot rely on the "other paper" provision as the trigger of the thirty (30) day period.  Such a conclusion is nonsensical and contrary to the provisions of Section 1446.

Accordingly and for the reasons stated herein,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 11) is hereby **DENIED.**

New Orleans, Louisiana, 3rd day of March, 2008.

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**

11